CLERK'S OFFICE U.S. DIST. COURT
AT ROANOKE, VA
FILED

JUL 2 1 2017

JULIA C. DUDLEY, CLERK
BY: /s/
DEPUTY CLERK

IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF VIRGINIA
CHARLOTTESVILLE DIVISION

| | |
|---|---|
| DANIEL D. ALVARADO, ) | |
| ) | Civil Action No. 3:17CV00040 |
| Plaintiff, ) | |
| ) | **MEMORANDUM OPINION** |
| v. ) | |
| ) | Hon. Glen E. Conrad |
| COUNTY OF TULARE, et al., ) | United States District Judge |
| ) | |
| Defendants. ) | |

Daniel D. Alvarado commenced this action by filing a pro se complaint on June 5, 2017. Alvarado did not pay the filing fee but was granted leave to proceed in forma pauperis. For the following reasons, the court concludes that the action is subject to dismissal for lack of personal jurisdiction.

## Background

Alvarado's complaint, which is styled as an affidavit, states that he was previously incarcerated at the Bob Wiley Detention Center in Tulare County, California. Alvarado was released from the correctional facility on August 2, 2015. Prior to his release, a deputy with the Tulare County Sheriff's Department became upset when Alvarado refused to sign his name on a document and instead referenced a provision of the Uniform Commercial Code. According to Alvarado, the deputy threw him head first into a wall, causing him to become unconscious. Alvarado asserts that he sustained a head injury that took three months to heal. He "demand[s]" that the deputy "be held accountable for [the deputy's] actions." Compl. 2, Docket No. 2.

On the civil cover sheet accompanying his complaint, Alvarado does not name any particular individuals or entities as defendants. However, Alvarado indicates that he is now a resident of Albemarle County, Virginia, that the defendants are residents of Tulare County,

California, and that he is invoking the court's diversity jurisdiction. Alvarado then states that he is asserting claims for civil rights violations under 42 U.S.C. § 1983, copyright infringement, kidnapping, extortion, blackmail, and slavery.

### Standard of Review

Under 28 U.S.C. § 1915(e), which governs in forma pauperis proceedings, the court has a mandatory duty to screen initial filings. Eriline Co. v. Johnson, 440 F.3d 648, 656-57 (4th Cir. 2006). The court is required to dismiss a case "at any time" if the court determines that the action is frivolous or that the complaint fails to state a claim on which relief may be granted. 28 U.S.C. § 1915(e)(2)(B). Additionally, in evaluating a complaint filed in forma pauperis, the court may raise a waivable defense sua sponte when the complaint plainly reveals the existence of such defense. Eriline Co., 440 F.3d at 656 (citing Nasim v. Warden, Md. House of Corr., 64 F.3d 951, 953-54 (4th Cir. 1995))*; see also Anderson v. XYZ Corr. Health Servs., Inc., 407 F.3d 674, 682-83 (4th Cir. 2005) (recognizing that sua sponte dismissal may be appropriate if the existence of an affirmative defense is "apparent from the face of a complaint").

### Discussion

In this case, it is apparent from the face of the complaint that this court does not have personal jurisdiction over the defendants. The complaint makes clear that Alvarado's claims are based on acts or omissions that occurred in the State of California. None of the acts or omissions is alleged to have occurred in the Commonwealth of Virginia. In addition, there are no

---

\* In Eriline, the United States Court of Appeals for the Fourth Circuit explained that the screening authority afforded to courts in actions filed in forma pauperis differentiates such actions from ordinary civil suits and justifies an exception to the general rule that an affirmative defense should not be considered sua sponte. 440 F.3d at 656 (citing Nasim, 64 F.3d at 953-54).

allegations suggesting that the California residents allegedly responsible for the plaintiff's injuries have any connection to Virginia.

"A lawful assertion of personal jurisdiction over a defendant requires satisfying the standards of the forum state's long-arm statute and respecting the safeguards enshrined in the Fourteenth Amendment's Due Process Clause." Tire Eng'g & Distrib., LLC v. Shandong Linglong Rubber Co., 682 F.3d 292, 301 (4th Cir. 2012). "Because Virginia's long-arm statute extends personal jurisdiction to the outer bounds of due process, the two-prong test collapses into a single inquiry when Virginia is the forum state." Id. Accordingly, a Virginia court can exercise personal jurisdiction over a nonresident defendant only if the exercise of such jurisdiction comports with the requirements of due process. See id. at 301-02.

The Due Process Clause requires that a defendant have adequate "minimum contacts" with the forum state. See ALS Scan, Inc. v. Digital Serv. Consultants, Inc., 293 F.3d 707, 711 (4th Cir. 2002) (citing Int'l Shoe Co. v. Washington, 326 U.S. 310, 316 (1945)). Depending on the type of minimum contacts in a case, personal jurisdiction can either be general or specific. General personal jurisdiction "requires 'continuous and systematic' contacts with the forum state, such that a defendant may be sued in that state for any reason, regardless of where the relevant conduct occurred.'" CFA Inst. v. Inst. of Chartered Fin. Analysts of India, 551 F.3d 285, 292 n.15 (4th Cir. 2009) (citing Perkins v. Benguet Consol. Mining Co., 342 U.S. 437, 438 (1952)). "Specific personal jurisdiction, on the other hand, requires only that the relevant conduct have such a connection with the forum state that it is fair for the defendant to defend itself in that state." Id. (citing Helicopteros Nacionales de Colombia, S.A. v. Hall, 46 U.S. 408, 414-15 (1984)). In other words, "[i]f the defendant's contacts with the [forum state] are also the basis of the suit, those contacts may establish specific jurisdiction." ALS Scan, 293 F.3d at 711.

In the instant case, the plaintiff has not alleged any facts suggesting that the Tulare County Sheriff's deputy or the Bob Wiley Detention Center has engaged in systematic and continuous activity in Virginia. Nor has he alleged any facts suggesting that his claims are based upon contacts that these California residents have had with the forum state. Indeed, Alvarado does not describe anything that any individual or entity in California has done in Virginia that should have caused that individual or entity to anticipate being sued here. Because it is apparent from the face of the complaint that personal jurisdiction is lacking and there is no reason to believe that any defendant would waive this basis for dismissal, the court finds it appropriate to dismiss the case without prejudice. See Trujillo v. Williams, 465 F.3d 1210, 1216-17 (10th Cir. 2006) (holding that a district court may sua sponte dismiss an action under 28 U.S.C. § 1915 for lack of personal jurisdiction "when the defense is obvious from the face of the complaint and no further factual record is required to be developed") (citation and internal quotation marks omitted); see also Marin v. La Paloma Healthcare Ctr., 636 F. App'x 586, 588 (3d Cir. 2016) (holding that the case was properly dismissed for lack of personal jurisdiction under § 1915 where "the lack of a connection between the Defendants and Pennsylvania [was] apparent from the face of the complaint").

### Conclusion

For the reasons stated, the case will be dismissed without prejudice for lack of personal jurisdiction. All other pending motions will be denied as moot. The Clerk is directed to send copies of this memorandum opinion and the accompanying order to the plaintiff.

DATED: This 20th day of July, 2017.

/s/ G. Conrad
United States District Judge